UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDDY FELIZ-AYALA

                                PRISONER CASE NO.
   v.                           3:10-cv-696 (SRU)

SCOTT SEMPLE, et al.

**ORDER**

Plaintiff, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983. Prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must comply with all procedural rules regarding the grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001), *abrogated on other grounds by Porter v. Nussle*, 523 U.S. 516 (2002).

Failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense. While the full extent of the Supreme Court's recent decision in *Bock* has not yet been delineated by the Second Circuit, that court has noted that "[a]lthough section 1915A grants courts the authority to dismiss a complaint with prejudice, nothing in sections 1915 and 1915A alters the '[t]he settled rule . . . that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Abbas v. Dixon*,

480 F.3d 636, 639 (2d Cir. 2007) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

The timing of the events set forth in the complaint suggest that plaintiff may not have fully exhausted his administrative remedies prior to filing this lawsuit. If that is true, the complaint must be dismissed.

Plaintiff asserts that on March 1, 2010, defendants sprayed pepper spray into his cell multiple times because his cellmate would not come to the door to be handcuffed and transferred to the segregation unit. Plaintiff's eyes burned and he could not breathe. After defendants entered the cell to extract plaintiff's cellmate, they punched plaintiff in the face, eye, back and head even though he complied with all orders given to him. Plaintiff asserts that defendants Semple and Bouffard were aware that his cellmate might refuse to be transferred to the segregation unit. Defendant Semple failed to have a policy in effect at the time of the incident which would have permitted plaintiff to leave his cell prior to extracting his cellmate using pepper spray or force.

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Administrative Remedies. Individual employee actions, matters relating to conditions of care or supervision, and complaints concerning prison policies are grievable. Administrative Directive 9.6, Sections 4(A) and 6(B), http://www.doc.gov/doc/LIB/doc/PDF/AD/ad0906. Pursuant to Administrative Directive 9.6, an inmate must first seek informal resolution of the issue in writing. Correctional staff have fifteen days to respond to an informal written request for resolution of the issue. If informal resolution is unsuccessful, the inmate must file a Level 1 grievance. Correctional staff have thirty business

days from receipt of the grievance to respond. If the Level 1 grievance is denied or if correctional officials fail to respond in a timely manner, the inmate must appeal the denial to Level 2. A response to the Level 2 appeal should be issued within thirty days of receipt of the appeal. Challenges to Department level policies and untimely responses to Level 2 appeals must be appealed to Level 3. Administrative Directive 9.6, Section 6.

The incident involving the alleged use of excessive force against plaintiff occurred on March 1, 2010. Plaintiff signed his complaint on April 22, 2010 and submitted the complaint and application to proceed *in forma pauperis* to prison officials for filing on April 30, 2010. The court received the complaint on May 6, 2010. Plaintiff has not attached to his complaint copies of any informal resolution requests, Level 1 grievances, Level 2 appeals or Level 3 appeals. Given the time frames within which correctional staff are permitted to decide the various levels of administrative requests for review, it is apparent that there may have been insufficient time for plaintiff to have received responses to his informal request(s), Level 1 grievance(s) and Level 2 and 3 appeals prior to filing this lawsuit.

The Second Circuit has cautioned the district courts not to dismiss a case *sua sponte* without first ensuring that plaintiff has notice and an opportunity to be heard. *See Abbas*, 480 F.3d at 639-40; *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (requiring district court to afford prisoner notice and opportunity to demonstrate that he has exhausted his available remedies). Accordingly, the Court directs plaintiff to explain to the Court why this case should not be dismissed for failure to fully exhaust administrative remedies **before filing this action**. Any such dismissal would be without prejudice to plaintiff's re-filing this action after fully exhausting his administrative remedies.

Plaintiff shall submit his response within **twenty (20)** days from the date of this order. Failure to provide evidence of exhaustion, or evidence of why plaintiff was not required to exhaust his administrative remedies, within the time provided may result in the dismissal of this action without any further notice.

**SO ORDERED** at Bridgeport, Connecticut this   9th   day of June, 2010.

　　　　　　　　　　　　　　　　　　　　/s/ *William I. Garfinkel*
　　　　　　　　　　　　　　　　　　　　William I. Garfinkel
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge